IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN WESLEY PARHAM, JR.                                                    PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:08cv166-DCB-MTP

UNITED STATES OF AMERICA                                                   RESPONDENT

MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner Parham, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed on March 24, 2008, this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Upon review of the petition filed, the court has reached the following conclusion.

Petitioner was found guilty by a jury of aiding and abetting to possess with intent to distribute cocaine base in the United States District Court for the Middle District of Georgia on August 23, 1995.[1] Petitioner was sentenced on November 17, 1995, to serve 293 months in the custody of the Bureau of Prisons followed by five years supervised release. On March 27, 1997, the United States Court of Appeals for the Eleventh Circuit affirmed the district court's judgment. The petitioner then filed on January 25, 2001, a motion to vacate pursuant to 28 U.S.C. § 2255 with the United States District Court for the Middle District of Georgia which was summarily dismissed. The United States Court of Appeals for the Eleventh Circuit denied his certificate of

---

[1] According to the docket entries in the petitioner's federal criminal case in the United States District Court for the Middle District of Georgia, the petitioner has been appointed an attorney to represent him concerning the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A(a)(1) and (c) by order [127] filed April 4, 2008. See <u>U.S. v. Parham</u>, 5:95cr3-001, (M.D. GA. Nov. 29, 1995).

appealability on September 13, 2001 and November 27, 2001, respectively.  According to the petitioner, he has filed numerous motions to reconsider, a Motion for Relief from Judgement and a series of applications for authorization to file a second or successive motion to vacate pursuant to 28 U.S.C. § 2255.  All of which were denied.  The petitioner claims in the instant petition for habeas relief that he is "actually innocent" of the crime because he has discovered "new evidence" which would prove beyond a reasonable doubt that he is innocent.  (Pet. [1] p.19-20).[2]

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992).  As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing."  Ojo v. Immigration and Naturalization Service,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

In the instant civil action, the petitioner contends that he should be released because he is actually innocent of the underlying offense.  (Pet. [1] p.21).  Moreover, the petitioner claims that the crack cocaine and marihuana was not found in the vehicle that was occupied by the petitioner

---

[2]The petitioner obtained this new evidence on or about January 26, 2000, prior to him filing on January 25, 2001,  his first motion to vacate pursuant to 28 U.S.C. § 2255.  (Pet. [1] p. 11).

but outside, a short distance away from the vehicle.  Notwithstanding the petitioner's argument, these allegations relate to the actual validity of his conviction.  As such, this court does not have jurisdiction to address the constitutional issue presented by petitioner.  Therefore, the instant petition "must either be dismissed or construed as a section 2255 motion," Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000), unless the petitioner "can satisfy the mandates of the so-called § 2255 'savings clause,'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[3]

Case law has made it abundantly clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).  The United States Court of Appeals for the Fifth Circuit in Reyes-Requena, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d 893, 904 (5th Cir. 2001). The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903.

---

[3] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

3

This court finds that the petitioner's argument that he meets the "savings clause" of 28 U.S.C. § 2255 is not persuasive. To meet the first prong of the Reyes-Requena test, the petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.2001). The case law relied upon by the petitioner is Bosley v. Cain, 409 F.3d. 657, 662 (5th Cir. 2005)(citing Schlup v. Delo, 513 U.S. 298 (1995)). (Pet. [1] p.20). The decision in the Bosley case was made by the United States Court of Appeals for the Fifth Circuit, not the United States Supreme Court. Moreover, Schlup v. Delo, 513 U.S. 298 (1995) was decided by the Supreme Court in January 1995 before the petitioner was convicted in August 1995. Finally, violations of the statues for which the petitioner was found guilty, aiding and abetting to possess with intent to distribute cocaine base, was a crime at the time of his conviction, and it continues to be a crime today. Clearly, the petitioner was not convicted of a nonexistent crime. See Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) ("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense."); see also Jeffers v. Chandler, 253 F.3d 827 (5th Cir. 2001) (The Jeffers Court concluded that simply because Jeffers' jury was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by Reyes-Requena). Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test.

Moreover, the United States Court of Appeals for the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000) (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)).  Likewise, the Fifth Circuit has determined that the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citing Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000)).  Therefore, since the petitioner's claim does not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claim.   Therefore, this petition shall be dismissed as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this court's lack of jurisdiction, with prejudice**.**  See Ojo v. Immigration and Naturalization Service,106 F.3d 680, 683 (5th Cir.1997).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the    22nd   day of     May     , 2008.


                                              s/ David Bramlette
                                       UNITED STATES DISTRICT JUDGE